UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 06 MBD 10013

In re:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DE BEERS LV TRADEMARK LIMITED
and DE BEERS LV LIMITED,

    Plaintiffs,

    v.

DEBEERS DIAMOND SYNDICATE INC.
and MARVIN ROSENBLATT,

    Defendants.

Civil Action No. 04 CV 4099 (DLC)

**MEMORANDUM IN SUPPORT OF**
**BAIN & COMPANY, INC.'S MOTION TO TRANSFER OR STAY**

Bain & Company, Inc. ("Bain") hereby submits this memorandum in support of its motion to transfer this miscellaneous action to the United States District Court for the Southern District of New York so that it can be decided by United States District Judge Denise L. Cote, who is presiding over the underlying lawsuit from which this action arises. Alternatively, Bain seeks to stay resolution of the motion to compel filed by Debeers Diamond Syndicate Inc. and Marvin Rosenblatt, the defendants in the underlying lawsuit (collectively, "defendants"), until after Judge Cote resolves a motion for protective order that is being jointly presented by Bain and De Beers Centenary A.G. ("Centenary") that raises substantially the same issues that are raised by defendants' motion to compel.

Defendants filed their motion to compel before this Court in apparent recognition that Bain, a third party who resides in this District, has the right under Federal Rule of Civil Procedure 45 to have any disputes arising out of the third-party subpoena duces tecum issued by this Court decided by this Court.  By filing this motion, however, Bain voluntarily waives that right and seeks to have Judge Cote resolve this matter.  Because Rule 45 is meant to protect Bain, and not defendants, this Court should allow Bain's request to have this matter transferred.

Moreover, transferring this matter so that it can be resolved by Judge Cote is the most efficient course of action and encourages judicial economy.  The defendants' motion raises issues regarding the relevance of materials sought from Bain.  Judge Cote has presided over the underlying lawsuit since 2004 and issued an opinion last May that significantly narrowed the scope of the case and provided guidance on the facts and legal theories relevant to the case.  This includes consideration of the "famous marks doctrine," a relatively new doctrine in trademark law for which there is little guidance from the case law.  Furthermore, Bain and Centenary have initiated proceedings on a motion for protective order before Judge Cote that will require resolution of substantially the same issues raised by defendants' motion to compel, including whether certain documents sought by the subpoena are protected by the attorney-client privilege and work product doctrine.  In addition, Centenary has objected to the subpoena as requesting information that is not relevant to the issues remaining in the underlying lawsuit.  Accordingly, to avoid potentially conflicting results, all of these issues can and should be decided—at one time—by the judge most familiar with the facts:  Judge Cote.  Should the Court deny this motion, Bain alternatively requests that resolution of defendants' motion to compel be stayed

2

pending Judge Cote's resolution of Centenary and Bain's motion for protective order.[1]

## FACTUAL BACKGROUND

This miscellaneous action arises out of an underlying trademark lawsuit that was filed in the United States District Court for the Southern District of New York on June 1, 2004. In that lawsuit, the plaintiffs claim that defendants violate their trademark rights by using the trademark and trade name DE BEERS in connection with the business "Debeers Diamond Syndicate Inc." *See* Amended Complaint, dated December 30, 2005, ¶¶ 8-20 (attached hereto as Exhibit A).

Plaintiffs in the underlying action are De Beers LV Limited and its subsidiary, De Beers LV Trademark Limited (collectively, "plaintiffs" or "DBLV"). *Id.* ¶¶ 1-3. De Beers LV Limited is a company owned 50% by the LVMH Moët Hennessey Louis Vuitton Group and 50% by the De Beers Group ("DBG"). DBLV is an independent entity that is neither managed nor controlled by either of its shareholders. DBG transferred its rights to the use of the trademark and trade name DE BEERS to DBLV through an assignment of rights and a license of rights. Plaintiffs claim priority of use of the mark and name DE BEERS for various reasons, including the fame of the DE BEERS mark and trade name prior to any claim of rights by defendants. *Id.* ¶¶ 8-12.

Early on in the underlying lawsuit, defendants attempted to draw DBG into the case and put at issue DBG's business model. Defendants (i) attempted to join Centenary, a DBG affiliate, and other DBG companies as necessary parties; (ii) assert the affirmative defense of unclean hands based on alleged "monopolistic practices" of DBG; and (iii) allege an antitrust counterclaim against DBLV and various DBG companies. In an Opinion and Order dated May

---

[1] Bain believes that the most efficient course is to decide this motion for protective order before addressing the issues in defendants' motion to compel. Absent a prior ruling by this Court, however, Bain, together with Centenary, intends to file a joint memorandum in opposition to defendants' motion to compel on Friday, January 27, 2006, the date such opposition is due pursuant to L.R. 7.1(B)(2) and L.R. 37.1(C).

BST99 1488701-1.054168.0072

18, 2005, Judge Cote denied defendants' requests and, as a result, neither Centenary nor any other DBG company is a party to the underlying trademark lawsuit. *See* Opinion and Order, dated May 18, 2005 (attached hereto as Exhibit B).

Bain is a business management consulting firm with offices in London, England, and headquarters in Boston, Massachusetts. *See* http://www.bain.com/bainweb/contact.asp. In 1999, Bain was hired to assist in DBG's effort to undertake a top-to-bottom Strategic Review in response to changes in the diamond market and the relatively poor financial performance of the company. This Strategic Review touched on all aspects of DBG's business, from mining to sorting of diamonds to sales and marketing.

Given DBG's market position in the diamond industry at the time and outstanding legal issues DBG faced, the input of DBG's lawyers, Shearman & Sterling and Linklaters, was essential to ensure that any actions taken as a result of the Strategic Review were legally compliant and did not negatively affect DBG's overall legal position. As DBG's representative leading various aspects of the Strategic Review—and some of the projects arising out of the Strategic Review—Bain consultants together with DBG's personnel, as part of working groups, obtained legal advice from DBG's lawyers in order to develop and analyze realistic strategic options. Without access to this legal advice, it would have been impossible for the working groups to perform their assigned function and provide DBG's senior management the strategic advice it sought while taking into account the relevant legal implications.

On October 6, 2005, defendants served a subpoena on Bain, issued from this Court, seeking the production of:

1. Any Reports concerning De Beers, including but not limited to, any Reports prepared in 1997, 1998 and 1999;

2. All correspondence between [Bain] and De Beers, including, but not limited to, letters facsimiles, e-mail or other electronic correspondence, bills, statements of

4

>   services, expenses or charges, concerning work performed by [Bain] for De Beers
>   (including work related to material requested in paragraph 1, above); and
>
>   3.   All Documents concerning any of the De Beers Entities.

*See* Subpoena to Bain & Company, Inc., dated October 6, 2005 (attached hereto as Exhibit C).

Among the documents that Bain produced in response to the subpoena were certain documents that reflected legal advice that DBG's lawyers had provided to the working groups. Because these documents contained information that was protected by the attorney-client privilege and the work product doctrine, Bain redacted the portions that contained the privileged information (these documents are referred to herein as the "Redacted Documents").[2] *See* Letter to M. Shafritz, dated November 18, 2005 (attached hereto as Exhibit D.)

Defendants insist that the redacted portions of the Redacted Documents are both relevant and not privileged. As a result, on January 13, defendants commenced this miscellaneous action and filed their motion to compel in this Court. On January 19, Bain and Centenary, pursuant to S.D.N.Y. L.R. 37.2, sent a letter to Judge Cote requesting a conference to resolve a dispute over (i) the return of three additional privileged documents that were inadvertently produced by Bain and (ii) the scope of defendants' subpoena to Bain. *See* Letter to Hon. Denise L. Cote, dated January 19, 2006 (attached hereto as Exhibit E).[3] If the requested conference does not resolve the dispute, Bain and Centenary intend to file a motion for protective order that seeks to have the inadvertently produced documents returned. Centenary will also seek a ruling that defendants' subpoena is overbroad and should be narrowed to the issues remaining in that case. *Id.*

---

[2] In the event the Court denies this motion and addresses the merits of defendants' motion to compel, Bain will be happy to make the Redacted Documents available to the Court for an *in camera* review.

[3] Bain first contacted defendants and requested the return of the inadvertently produced documents on January 6, 2006. As of the date of the filing of this motion, defendants have never responded to the request.

5

Defendants' motion to compel and Bain and Centenary's letter to Judge Cote (and potential motion for protective order) both seek a determination as to whether certain documents created by Bain are privileged. In addition, Centenary seeks a ruling regarding the relevance of the documents requested in defendants' subpoena, which is also raised by defendants' motion. Both the motion filed in this Court and the anticipated motion in the District Court for the Southern District of New York require resolution of virtually the same issues. In particular, both will require an analysis of a number of issues that Judge Cote has already addressed in some detail, including whether the documents in question (or the legal advice reflected in those documents) bear any relevance to the "famous marks doctrine" upon which plaintiffs rely in the underlying lawsuit. *See* Exhibit B at 13-20 (discussing famous marks doctrine).[4] Thus, the interests of judicial economy, as well as defendants' interest in having this matter resolved quickly due to impending, court-imposed deadlines in the underlying lawsuit, weigh heavily in favor of transferring this matter to the Southern District of New York.

## ARGUMENT

This miscellaneous action should be transferred to the United States District Court for the Southern District of New York so that defendants' motion to compel can be resolved by Judge Cote, the presiding judge in the underlying trademark lawsuit. Alternatively, this Court should stay resolution of defendants' motion to compel pending resolution of Centenary and Bain's efforts to have almost identical issues resolved by Judge Cote.

Rule 45 of the Federal Rules of Civil Procedure provides that "a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2). Rules 37 and 45 also provide that the party serving the third

---

[4] No court within the First Circuit appears to have ever addressed the famous marks doctrine.

6

BST99 1488701-1.054168.0072

party subpoena may seek an order compelling production of the materials sought by the subpoena from the court in the district in which the production is to be made. *See* Fed. R. Civ. P. 37(a)(1) and 45(c)(2)(B). The practical result is that a third party who objects to a Rule 45 subpoena has the right to have those objections resolved by the court from which the subpoena issued.[5]

The fact that a third party has the *right* to have those objections decided by the issuing court does not mean, however, that the issuing court must, in all circumstances, resolve them. In fact, in situations where the third party receiving the Rule 45 subpoena voluntarily waives its right to have the issuing court resolve the dispute and agrees to have the dispute decided by the court hearing the underlying lawsuit, courts may transfer—and have frequently transferred—such matters. *See, e.g., United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484-88 (D. Md. 2002); *Pactel Personal Communications v. JMB Realty Corp.*, 133 F.R.D. 137, 138-39 (E.D. Mo. 1990); *Bank of Texas v. Computer Statistics*, 60 F.R.D. 43, 45-46 (S.D. Tex 1973); *see also In re Digital Equipment Corp.*, 949 F.2d 228, 231 n.3 (8th Cir. 1991) (noting that the Advisory Committee's Note to Rule 26(c) recognizes the power of the court in the district where the subpoena is issued to transfer the discovery dispute to the court where the underlying action is pending); *Petersen v. Douglas County Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir. 1991) (stating that a transfer of discovery matter to the court handling the underlying case was "not improper simply because the transferred matter involved Rule 45"); *Byrnes v. Jetnet Corp.*, 111 F.R.D. 68, 70 n.2 (M.D.N.C. 1986). Several other courts, while not transferring the matter, have acknowledged that the court handling the underlying action "is in the best position to

---

[5] Indeed, one of the stated underlying purposes of Rule 45 is to "protect . . . Persons who are required to assist the court by giving information and evidence." Fed. R. Civ. P. 45, Advisory Committee Notes, 1991 Amendment. The practice commentaries to Rule 45 state explicitly that it is "the nonparty whose convenience Rule 45 is most concerned about protecting." David D. Siegel, Practice Commentaries, Fed. R. Civ. P. 45.

7

determine the appropriateness of the request for production," *Kearney v. Jandernoa*, 172 F.R.D. 381, 383 (N.D. Ill. 1997), and have thus stayed the discovery matter pending a ruling on a motion for protective order from the court handling the underlying action. *Id.*; *In re Orthopedic Bone Screw Product Liability Litig.*, 79 F.3d 46, 48 (7th Cir. 1996).

Here, because Bain has its headquarters in Boston, the subpoena was issued out of this Court. Similarly, in accordance with Bain's rights under Federal Rule of Civil Procedure 45, defendants commenced this miscellaneous action and filed their motion to compel in this Court. But in filing this motion, Bain voluntarily waives its right to have the motion to compel resolved here, and seeks to have it resolved by Judge Cote, who is more familiar with the issues presented in the underlying lawsuit. Accordingly, this Court should grant the instant motion and transfer this matter to the Southern District of New York for resolution by Judge Cote.

Transfer of the instant motion to the Southern District of New York for resolution by Judge Cote also promotes the interests of efficiency and judicial economy. Judge Cote has presided over the underlying lawsuit since June 2004 and is already familiar with the issues in that case. For example, Judge Cote has examined many of the legal issues—including the famous marks doctrine—in connection with issuing a lengthy ruling on plaintiffs' motions to strike and to dismiss and defendants' motion for joinder. *See* Exhibit B. Because resolution of defendants' motion to compel will require a substantive understanding of many of the issues Judge Cote has already addressed in the underlying lawsuit, efficiency and conservation of judicial resources counsels that Judge Cote rule on the matter. *See Star Scientific*, 205 F. Supp. 2d at 488 (recognizing that the court handling the underlying case is more familiar with the issues raised by the discovery dispute, such as the merits of the claims for confidentiality and

relevancy, and that the interests of convenience and judicial economy are therefore served well by a transfer); *Pactel Personal Communications*, 133 F.R.D. at 139 (same).

Moreover, Judge Cote will have to resolve substantially the same issues raised by defendants' motion to compel regardless of whether this matter is transferred (or stayed) because Bain and Centenary have requested a conference before Judge Cote to resolve a dispute over other privileged documents, as well as the proper scope of defendants' subpoena to Bain. *See* Exhibit E. In the event that the conference does not resolve the dispute, Bain and Centenary intend to file a motion for protective order that seeks an order requiring defendants to return the inadvertently produced privileged documents and an order declaring that defendants' subpoena is overbroad and should be narrowed. Both defendants' motion to compel and Centenary and Bain's efforts to obtain a protective order will require resolution of the same questions about the relevance of certain documents to the remaining issues in the underlying lawsuit and whether documents prepared by Bain in connection with the Strategic Review are privileged. This will, in part, turn on many of the same questions that Judge Cote has already addressed in her Opinion and Order dated May 18, 2005. *See* Exhibit B. Thus, to avoid potentially conflicting results, this Court should defer to Judge Cote—by way of either a transfer or a stay—who will need to resolve these issues regardless of this Court's actions.

In short, as Bain has voluntarily waived its right to have the motion to compel determined by this Court, and given Judge Cote's familiarity with the action and inevitable resolution of the issues raised by defendants' motion to compel, the interests of fairness and efficiency weigh heavily in favor of Judge Cote resolving defendants' motion to compel. These interests also benefit defendants as they have already noted the need for a speedy resolution of this dispute due to the impending close of discovery and trial deadlines in the underlying lawsuit. Accordingly,

9

this matter should be transferred to the Southern District of New York or, at a minimum, stayed pending Judge Cote's resolution of the issues, which will likely obviate any need for this Court to take any further action.

## CONCLUSION

For the foregoing reasons, Bain respectfully requests that this Court transfer this matter to the Southern District of New York or stay resolution of defendants' motion to compel pending resolution of Centenary and Bain's motion for protective order by Judge Cote.

>Respectfully submitted,
>
>BAIN & COMPANY, INC.
>
>By its attorneys,
>
>/s/ Melissa L. Nott
>Amanda J. Metts (BBO # 639850)
>McDERMOTT WILL & EMERY LLP
>227 West Monroe Street
>Suite 440
>Chicago, Illinois 60606
>(312) 372-2000
>(312) 984-7700 (fax)
>
>Melissa L. Nott (BBO # 654546)
>McDERMOTT WILL & EMERY LLP
>28 State Street
>Boston, Massachusetts 02109
>(617) 535-4000
>(617) 535-3800 (fax)

Dated: January 24, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 24, 2006.

>/s/ Melissa L. Nott
>Melissa L. Nott